IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JASON R. BIELICKI,<br><br>    Defendant. | 4:12-CR-3004<br><br>TENTATIVE FINDINGS |

  I have received the revised presentence investigation report and addendum in this case. The defendant has objected to the presentence investigation report (filing 55), and has filed a motion for departure/variance (filing 56).

  IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

  (a) give the advisory Guidelines such weight as they deserve within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

  (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

  (c) impose upon the United States the burden of proof on all Guidelines enhancements;

  (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

  (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to several aspects of the presentence investigation report (filing 55). Specifically, he objects to the two-level increase under U.S.S.G. § 2G2.2(b)(6) for an offense involving the use of a computer; and to the five-level increase under § 2G2.2(b)(3)(B) for distribution for the receipt, or expectation of receipt, of a thing of value. The defendant argues that both enhancements are already included in the 22 base offense level and the offense for which the defendant was indicted and pleaded guilty to. The Court's tentative finding is that this aspect of the defendant's objection is without merit. Neither enhancement results in impermissible "double-counting." *See*, *United States v. Chiaradio*, 684 F.3d 265, 282–83 (1st Cir. 2012) (distribution enhancement); *United States v. Lewis*, 605 F.3d 395, 402–04 (6th Cir. 2010) (use of a computer); *United States v. Tenuto*, 593 F.3d 695, 698–99 (7th Cir. 2010) (use of a computer); *United States v. Schlabach*, 2011 WL 781378 at *4 & n.2 (N.D. Ind. 2011) (distribution enhancement). The defendant also argues that there is no evidence of distribution other than the fact that he utilized a file-سharing program. The Court will rule on this portion of the objection at the sentencing hearing.

3. The defendant's motion for variance (filing 56) will be resolved at sentencing.

4. Except to the extent, if any, that I have sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding two paragraphs, the parties are notified that my tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is

      requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6.   Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7.   Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

      Dated this 10th day of December, 2012.

                                          BY THE COURT:

                                          John M. Gerrard
                                          United States District Judge